UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARIO ANTHONY ALLEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA )<br>STATE PRISON, )<br>)<br>Respondent. ) | CAUSE NO.: 3:08-CV-279-TS |

**OPINION AND ORDER**

Mario Anthony Allen, a *pro se* prisoner, filed this fourth habeas corpus petition attempting to challenge his criminal conviction in 46D01-0306-FB-72 in the LaPorte County Superior Court. In *Allen v. Buss*, 3:07-CV-163-RL (N.D. Ind. April 6, 2007), the Petitioner sought to challenge the same conviction he is challenging here. Final judgment was entered in that case on May 2, 2007. Because this is a second or successive petition, the Court lacks jurisdiction to hear this fourth habeas corpus petition challenging the same conviction.

Regardless of whether the claims that the Petitioner is now attempting to present are new or were presented in his previous petition, this petition must be dismissed for want of jurisdiction. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, any claims previously presented must be dismissed. Additionally, for any claim not previously presented:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). Here, the Petitioner has not obtained an order from the court of appeals permitting him to proceed with any previously unpresented claims. "A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed.

     Normally that would be the end of the analysis and the case would simply be dismissed for want of jurisdiction, but the Petitioner is an abusive filer who has been repeatedly cautioned to stop. In his first habeas corpus case, *Allen v. Buss*, 3:07-CV-163 RL (N.D. Ind. April 6, 2007), he presented the Court with five post-judgment attempts to reconsider the dismissal of his untimely petition. At that point, the Court restricted him from further filings in that case except for a notice of appeal. On appeal, *Allen v. Buss*, No. 07-3843 (7th Cir. March 24, 2008), the Seventh Circuit cautioned him "that frivolous submissions may subject him to monetary sanctions and restrictions against filing." In his second habeas corpus case, *Allen v. Superintendent*, 3:08-CV-026 RL (N.D. Ind. January 11, 2008), the successive petition was (just as in this case) dismissed for want of jurisdiction. He was also restricted from further filings in that case. In his third habeas corpus case, *Allen v. Buss*, 3:08-CV-036 WL (N.D. Ind. January 14, 2008), the successive petition was again dismissed for want of jurisdiction. In that case, the Petitioner also filed a Rule 60(b) motion which caused the Court to again repeat that it did not have jurisdiction over unauthorized successive petitions.

     Then Petitioner moved from attempting to challenge this conviction with a habeas corpus petition to attempting to challenge it by suing the Indiana Attorney General in a civil rights complaint. When he first filed such a complaint in this district, *Allen v. Indiana Attorney*

2

*General*, 3:08-CV-098 JM (N.D. Ind. February 28, 2008), he was told that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). He was also told that civil rights cases cannot be converted into habeas corpus petitions, but that if they could be, the case would nevertheless be dismissed as an unauthorized successive habeas corpus petition. He then filed another civil rights lawsuit attempting to challenge this same conviction in the United States District Court for the Southern District of Indiana. That case was then properly transferred to this Court. In *Allen v. Indiana Attorney General*, 3:08-CV-124 WL (N.D. Ind. March 5, 2008), he was told all of this again. The order of dismissal even repeated the Seventh Circuit's caution that frivolous submissions might subject him to monetary sanctions and restrictions against filing. Nevertheless, this did not prevent the Petitioner from filing a Verified Petition for Reinstatement. In denying that order on May 6, 2008, the Court stated that although it could sanction him, it would "instead give him one last warning." The Court then admonished the Petitioner

> that if he files any meritless paper in any case in this court, or in any other court that is transferred or removed to this court, he will be fined not less than $500.00 and restricted from filing any further papers in this court until he has paid all of his outstanding fines and filing fees.

(*Id.*, DE 13 at 2.) Without awaiting ruling on that petition, the Petitioner filed another Verified Petition for Reinstatement. The Court did not sanction him for that filing only because it was unclear whether there had been time for the Petitioner to receive a copy of the prior order containing the specific admonishment quoted above. Therefore, on May 14, 2008, the Court merely denied the motion by restating that the case and the motion were frivolous and repeating

3

the same admonishment that the Petitioner would be fined and restricted if he did not stop filing frivolous actions.

Despite this Court's (and the Seventh Circuit's), repeated attempts to explain the futility of his efforts and to dissuade him from further filings without having to fine and restrict him, the Petitioner has remained undeterred. His claims are frivolous and his filings are abusive. He signed this habeas corpus petition on June 4, 2008, and has had more than enough time to have received this Court's last two orders containing the specific admonishment quoted above. The legal basis for dismissing his claims has been explained to him repeatedly. He has been cautioned, admonished, restricted in individual cases, and twice specifically warned that he would be fined and restricted if he continued filing frivolous claims.

The method for imposing such sanctions was explained by the Seventh Circuit in *Montgomery v. Davis*.

> Accordingly, Montgomery and Sumbry are fined $500 each and, . . . because both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system.
>
> * * *
>
> Finally, because this court disapproves of perpetual orders, Montgomery and Sumbry may seek modification or rescission of this order, but not before two years have passed.

*Montgomery v. Davis*, 362 F.3d 956, 957–58 (7th Cir. Ind. 2004) (citations omitted). So too the Petitioner will be fined $500. He will be restricted from filing any civil action in this Court except for a habeas corpus challenge to a new state court conviction. That is to say, if the Petitioner is convicted of a crime other than the one in cause number 46D01-0306-FB-72, he may file one properly completed and timely habeas corpus petition challenging the new state

4

court conviction. The clerk of this Court will be directed to note on the docket any attempted filings in violation of this order and then to return unfiled any other papers filed by or on behalf of the Petitioner except for a notice of appeal in this case. Furthermore, the Petitioner is reminded that if he files any meritless paper in any other court that is transferred or removed to this Court, he will again be fined not less than $500.00 and risk being subjected to more severe restrictions.

For the foregoing reasons, the Court:

(1) **DISMISSES** this frivolous case for want of jurisdiction;

(2) **FINES** Mario Anthony Allen $500.00;

(3) **DIRECTS** the clerk to establish a ledger to receive payment of this fine;

(4) **DIRECTS** the clerk to send a copy of this order to the superintendent of the facility where Mario Anthony Allen is currently confined;

(5) **RESTRICTS** Mario Anthony Allen from filing in any civil case other than a habeas corpus challenge to a new state court conviction or a notice of appeal in this case;

(6) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order;

(7) **DIRECTS** the clerk to return unfiled any other papers filed in violation of this order;

(8) **GRANTS** Mario Anthony Allen leave to seek to remove this restriction after it has been in place for two years; and

(9) **ADMONISHES** Mario Anthony Allen that if he files any meritless paper in any other court that is transferred or removed to this Court, he will again be fined not less than $500.00 and risk being subjected to more severe restrictions.

SO ORDERED on June 19, 2008.

                                            s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION